UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                              )
MORRIS SPEIGHT, JR.           )
                              )
            Petitioner,       )
                              )
        v.                    )   Civil Action No. 13-0164 (ABJ)
                              )
ISAAC JOHNSTON, *et al.,*     )
                              )
            Respondents.      )
_____)

**MEMORANDUM OPINION**

Morris Speight-Bey ("the petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. On consideration of the petition and the respondent's opposition, the Court will deny the petition.

I. BACKGROUND

The petitioner's criminal history has been summarized as follows:

On April 2, 1991, the Superior Court of the District of Columbia sentenced petitioner to an aggregate prison sentence of 15 years and 6 months in case numbers F 12799-90 and F 10451-90 following his convictions for burglary, unauthorized use of a vehicle, and destruction of property. On September 9, 1994, the United States District Court for the Eastern District of Virginia sentenced petitioner to a prison sentence of 27 months for escape, which was reduced to 1 year, 3 months and 30 days. On September 20, 1996, the then-District of Columbia Board of Parole . . . released petitioner to parole on the foregoing D.C. sentence, but, in the absence of further action by the Parole Board, he was to remain under supervision . . . until September 23, 2006. On June 4, 1997, petitioner began serving the sentence imposed by the Eastern District of Virginia; he was released to parole supervision for the D.C. sentence on November 20, 1997. On June 2, 1999, the Parole Board revoked petitioner's

1

parole for criminal violations but grant[ed] reparole to [a] detainer issued by Virginia.

*Speight v. Fulwood*, 778 F. Supp. 2d 99, 100 (D.D.C. 2011) (internal quotation marks, citations and footnote omitted). The petitioner's parole since has been revoked three times. *See generally* Fed. Resp't's Opp'n to Pet. for Writ of Habeas Corpus ("Fed. Opp'n") [ECF No. 6] at 5-7.

### The Petitioner's Allegations

The petitioner alleges that, on January 3, 2013, he found himself in custody at the Correctional Treatment Facility as punishment for having escaped from a halfway house. *See* Pet. at 2 (page numbers designated by ECF). He further alleges that he remained in custody "on what [would] be [his] release date to go home." *Id.* The only relief he requested is that he "be given a release date and a sentence that shows [his] date of release . . . ." *Id.* at 3.[1] The Court construes the habeas petition as a challenge to the Commission's authority to effect the petitioner's return to custody after December 27, 2012, his presumptive parole date, and a demand for a hearing.

### The Respondents' Representations

On the occasion of the petitioner's fourth parole revocation, the United States Parole Commission ("Commission") directed that he remain in custody until December 27, 2012, his presumptive parole date. Fed. Opp'n, Ex. 35 (Notice of Action dated March 18, 2011) at 1 (exhibit numbers designated by ECF). In anticipation of his parole release, the petitioner had

---

[1] The petitioner since has been transferred to another facility, and any claims arising from the conditions of his confinement, *see* Pet. at 2, are moot. Likewise, his demand for "further relief," for alleged violations of rights occurring at the Correctional Treatment Facility, *see* Mot. for Further Relief [ECF No. 12], will be denied.

2

been sent to Hope Village, a halfway house in the District of Columbia. *See id.*, Ex. 36 (Incident Report dated November 13, 2012) at 1.

On November 13, 2012, the petitioner escaped from Hope Village.[2] *Id.*, Ex. 36 at 1. He remained at large until he was apprehended on December 29, 2012. *Id.*, Ex. 37 (email to USPC from T.R. Barnett, Resident Reentry Specialist, Mid-Atlantic Regional Office-CBR, BOP, dated January 4, 2013). BOP conducted disciplinary proceedings on February 12, 2013, found the petitioner guilty of escape, and imposed sanctions, namely restrictions on telephone, visitation, and commissary privileges. *Id.*, Ex. 39 (Inmate Discipline Data). The Commission opted to "[r]eopen and retard [the petitioner's] presumptive parole date of December 27, 2012 for violating the rules of [Hope Village]," *id.*, Ex. 38 (Notice of Action dated January 9, 2013), and scheduled a parole rescission hearing for the week of April 22, 2013. *Id.*, Ex. 40 (U.S.P.C. Hearing Docket printed February 21, 2013).

The rescission hearing took place on April 24, 2013, at the Federal Correctional Institution in Butner, North Carolina, the facility to which the petitioner was designated after his apprehension. *See* Fed. Resp't's Supplemental Pleading [ECF No. 15], Ex. F (Post-Hearing Assessment) at 1. The Commission rescinded parole and set February 10, 2014, as the petitioner's presumptive parole date. *See id.*, Ex. G-H (respectively, Notices of Action dated May 24, 2013 and July 29, 2013).

---

[2] The petitioner "was observed walking out of the [Hope Village] facility during shift change . . . carrying his personal belongings. He was immediately placed on escape, effective 3:10 pm." Fed. Opp'n, Ex. 36 at 1. Halfway house staff conducted a disciplinary hearing in absentia on November 16, 2012, found that the petitioner had committed a disciplinary infraction, and recommended his return to custody as a sanction. *See id.*, Ex. 35 at 3-5.

## II. DISCUSSION

Based on the Court's understanding of the petition and the respondents' submission, it appears that the Commission acted within the scope of its authority and that the petitioner has received the relief to which he is entitled.

"The jurisdiction of the Commission over a parolee shall expire on the date of expiration of the maximum term or terms for which he was sentenced." 28 C.F.R. § 2.92(a). Where, as here, the Commission set a presumptive parole date, a prisoner's "actual release on parole on that date shall be conditioned upon . . . maintaining a good conduct record in the institution or prerelease program to which the [petitioner] has been assigned." *Id.* § 2.86(a). "The Commission may reconsider any grant of parole prior to the prisoner's actual release on parole, and may advance or retard a parole effective date or rescind a parole date previously granted based upon the receipt of any new and significant information concerning the prisoner, including disciplinary infractions." *Id.* § 2.86(b). It also "may retard a parole date for disciplinary infractions (*e.g.,* to permit the use of graduated sanctions) for up to 120 days without a hearing." *Id.* And "[i]f a parole effective date is rescinded for disciplinary infractions, an appropriate sanction shall be determined by reference to § 2.36." *Id.* § 2.86(c). Sanctions for escape include incarceration for eight to 16 months, *id.* § 2.36(a)(2)(i), "added to the time required by the original presumptive or effective date." *Id.* § 2.36(a).

The petitioner last was released on parole on February 8, 2012, and he was to remain under the Commission's supervision until September 16, 2017. *See* Fed. Opp'n, Ex. 30 (Certificate of Parole). When the Commission last revoked parole, the petitioner was to have remained in custody until December 27, 2012, his presumptive parole date. When the petitioner

4

escaped from Hope Village on November 13, 2012, he was not only under the Commission's supervision but also was subject to the disciplinary rules of the halfway house.

Escape is among the greatest severity level prohibited acts. *See* Program Statement 5270.09, <u>Inmate Discipline Program</u> (7/8/2011), page 44 (Table 1). "If an inmate escapes or is otherwise absent, the [disciplinary hearing officer ("DHO")] conducts a hearing in the inmate's absence at the institution in which the inmate was last confined." *Id.*, page 29. Upon the escaped prisoner's return to custody "following an absence during which sanctions were imposed by the DHO, the Warden has the charges reheard before the DHO, ordinarily within 60 days after the inmate's arrival at the institution to which he[] is designated after return to custody, following an appearance before the [Unit Discipline Committee] at that institution." *Id.* The respondents demonstrate that the DHO at Hope Village conducted a disciplinary hearing in petitioner's absence on November 16, 2012, and that BOP conducted a disciplinary hearing on February 12, 2013, within 60 days of the petitioner's return to custody.

Upon receipt of notice of the petitioner's escape, the Commission promptly took action to retard the petitioner's presumptive parole date. To the extent that the petitioner challenges the delay in the Commission's action to revoke or rescind parole, his challenge must fail. A delay in conducting a hearing "is not itself a valid ground for immediate release," and instead the petitioner's potential "remedy . . . is an action to compel a hearing." *Hill v. Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730, 732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)). The respondents represent that the petitioner's rescission hearing was scheduled for the week of April 22, 2013,

5

and it appears that the hearing already has taken place. Absent a showing by the petitioner that the Commission's delay in conducting the rescission hearing was unreasonable and prejudicial, habeas relief is unavailable. *See Sutherland*, 709 F.2d at 732. Furthermore, because the petitioner already has received the relief he demanded – a hearing and a release date – his claims are now moot. *See Lane v. Williams*, 455 U.S. 624, 631 (1982) (finding that an attack on sentences which expired during course of habeas proceedings rendered the case moot); *Kimberlin v. U.S. Parole Comm'n*, No. 03-5017, 2004 WL 885215 at *1 (D.C. Cir. Apr. 22, 2004) (per curiam) (finding moot a habeas petition challenging Commission's decisions to revoke parole and to delay reparole because petitioner had been "released from the confinement imposed as a result of those decisions").

## III.  CONCLUSION

The Court concludes that Commission acted within the scope of its authority and that the petitioner has received the relief to which he is entitled. Accordingly, the petition for a writ of habeas corpus will be denied and this civil action will be dismissed. An Order accompanies this Memorandum Opinion.

/s/
AMY BERMAN JACKSON
United States District Judge

DATE:  September 17, 2013